IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01180-PSF-BNB

BLONDELL F. MITCHELL,

Plaintiff,

v.

JEFFERSON PILOT FINANCIAL,
JEFFERSON PILOT COMMUNICATIONS CO., and
KS 107.5 (KQKS),

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff commenced this action on June 24, 2005, by filing a Complaint. The plaintiff filed an Amended Complaint on July 19, 2005. The Amended Complaint asserts the following claims: (1) "imputation of a loathsome disease"; (2) "moral turpitude"; and (3) "imputation of criminal conduct." The claims are asserted against three separate defendants. The plaintiff seeks seven hundred fifty million dollars in damages.

The Amended Complaint asserts that jurisdiction exists pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Diversity jurisdiction exists under the following circumstances:

> District and appellate courts have limited subject matter jurisdiction and may only hear cases "when empowered to do so by the Constitution and by act of Congress." To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.

Radil v. Sanborn Western Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004) (citations omitted).

For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).

The Amended Complaint states that the plaintiff is a citizen of Colorado; defendants Jefferson Pilot Financial and Jefferson Pilot Communications Co. are citizens of North Carolina; and defendant KS 107.5 (KQKS) is a citizen of Colorado. Because the Amended Complaint does not allege complete diversity of citizenship between the parties, I ordered the plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(1) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

The plaintiff's response to the show cause order is confusing. *Response to Order to Show Cause*, filed September 8, 2005. The only clear statement regarding the plaintiff's current address is as follows: "The plaintiff now lives with relatives, who are unwilling to let the plaintiff use their address (no media attention)." Id. at p. 2, ¶ 1. The plaintiff does not provide the relatives' address. Regardless, the plaintiff's address of record in this case is P.O. Box 200224, Denver, Colorado. Thus, the record reflects that both the plaintiff and defendant KS 107.5 (KQKS) are citizens of Colorado.

The plaintiff has failed to show that complete diversity of citizenship exists between the parties. Consequently, the plaintiff has failed to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

I respectfully RECOMMEND that the order to show cause be made absolute and that this case be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 12, 2005.

              BY THE COURT:

              /s/ Boyd N. Boland
              United States Magistrate Judge