IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01180-PSF-BNB

BLONDELL F. MITCHELL,

    Plaintiff,

v.

JEFFERSON PILOT FINANCIAL,
JEFFERSON PILOT COMMUNICATIONS CO., and
KS107.5 (KQKS),

    Defendants.

**ORDER ACCEPTING AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court on the Recommendation of United States Magistrate Judge (Dkt. # 18), filed September 12, 2005. The Court's review of the Recommendations is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b). As no party has objected to the Recommendations, the Court can review the Recommendation simply to determine if it constitutes clear error. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). After nevertheless reviewing the underlying motions and the record *de novo*, the Court concludes that the Recommendation represents a correct application of the facts and the law and is not clearly erroneous.

The Court specifically finds and agrees with the Magistrate Judge that:
1) Plaintiff's Amended Complaint (Dkt. # 5) does not allege complete diversity of

citizenship between the parties; 2) Plaintiff's Response to Order to Show Cause (Dkt. # 17) fails to show that the plaintiff is now a citizen of a different state and that complete diversity of citizenship exists between the parties.

It is well-settled law that diversity of citizenship is determined as of the time the suit is initiated. *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957); *Johnston v. Cordell Nat'l Bank*, 421 F.2d 1310, 1311 (10th Cir. 1970). The complete diversity requirement of 28 U.S.C. § 1332 requires all defendants to be citizens of states different from that of the plaintiff. *See, e.g.*, *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004); *Knoll v. Knoll*, 350 F.2d 407 (10th Cir. 1965), *cert. denied*, 383 U.S. 909 (1966). As succinctly noted in one authoritative treatise, "if diversity of citizenship did not exist when the action was commenced, it cannot be created by a later change of domicile by one of the parties or some other event." 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3608, at 458 (2d ed. 1984). *See also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 575 (2004); *E.K. Carey Drilling Co. v. Murphy*, 113 F. Supp. 226, 228 (D. Colo. 1953).

Plaintiff's Amended Complaint on its face does not allege diversity of citizenship, listing Colorado addresses for both plaintiff and Defendant KS107.5. Plaintiff's later attempt to change her citizenship does not affect the diversity determination made at the time the suit is initiated. Further, this Court notes that Plaintiff's Motion to Amend Plaintiff's Address, filed August 22, 2005 (Dkt. # 11), fails to even allege that the plaintiff is a citizen of a different state; rather it merely provides a Denver post office box address and states that "Plaintiff no longer has a place of residents [sic] in the state of Colorado." Pl.'s Motion to Amend at 1.

The plaintiff provides no evidence that she was a citizen of a different state at the time of filing her Complaint or her Amended Complaint. She fails to carry her burden of proof regarding diversity of citizenship. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("Where a plaintiff's claim of diversity is challenged, plaintiff has the burden of proof.").

There is no other stated basis for invoking federal jurisdiction over plaintiff's claims. Accordingly, it is

ORDERED as follows:

1. The Court accepts and adopts the Recommendation of United States Magistrate Judge (Dkt. # 18);

2. The Court DISMISSES WITHOUT PREJUDICE the lawsuit in its entirety for lack of subject matter jurisdiction.

DATED: October 11, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge